IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA SHANKIN, | : |
|            Plaintiff, | :   CIVIL ACTION |
| v. | :   NO. 12-cv-3736 |
| HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS THROUGH CERTIFICATE SERIES 2007-5, THROUGH ITS TRUSTEE DEUTSCHE BANK NATIONAL TRUST COMPANY; AMERICAN BROKERS; and NORTHEASTERN FINANCIAL BROKERS, INC. | : |
|            Defendants. | : |

**Goldberg, J.**                                                                                                            **July 31, 2013**

## MEMORANDUM OPINION

Plaintiff, Donna M. Shankin, alleges that the originating lenders of her home mortgage loan, Defendants Northeastern Financial Brokers, Inc. ("Northeastern Financial") and American Brokers Conduit ("ABC"), engaged in predatory lending and fraudulently induced her to enter into a mortgage loan transaction. Plaintiff also named as a Defendant Deutsche Bank Harborview Mortgage Loan Trust Mortgage Loan Pass Through Certificate Series 2007-5, through its Trustee, Deutsche Bank National Trust Company ("Deutsche Bank"), which purchased Plaintiff's loan from the originating lenders.

Plaintiff has raised causes of action for conspiracy, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act (UTPCPL), fraud, promissory estoppel, slander of credit, violation of the Real Estate Settlement Procedure Act (RESPA), violation of the Equal Credit Opportunity Act (ECOA), negligence and gross negligence.

Presently before the Court is Deutsche Bank's motion to dismiss Plaintiff's complaint. For the reasons stated below, we will grant Defendant's motion.

## I. Factual and Procedural History[1]

In April, 2007, Defendant ABC loaned Plaintiff $684,000.00 as part of a residential mortgage refinance transaction, and Defendant Northeastern Financial issued a mortgage on the property. (Compl. ¶¶ 6–8.) Plaintiff alleges that the lenders promised her that the mortgage would be a fixed-rate, 30-year mortgage, and asked her to sign two documents in connection with the loan.[2] (Id. ¶¶ 34–35.) Plaintiff contends that:

- The lenders deliberately concealed the true terms of the mortgage, which actually carried an adjustable rate, a negative amortization feature allowing minimum payments lower than the interest that accrues each month, and a closing fee totaling $17,875.00 to Defendant Northeastern Financial. (Id. ¶¶ 36–39.);

- The lenders forged her signature on the closing documents. (Id. ¶ 40.);

- Northeastern Financial obtained a fraudulent appraisal, which grossly inflated the purchase price of the property and allowed the lenders to sell a more expensive loan to Plaintiff. (Id. ¶¶ 48–57.); and

- The lenders fraudulently increased Plaintiff's income on the loan application so that she would qualify for a higher loan amount, and deliberately concealed the loan application from her. (Id. ¶¶ 58–67.)

None of the allegations set forth above pertain to Deutsche Bank. Plaintiff maintains, however, that Deutsche Bank is liable for this conduct because the loan was assigned to Deutsche Bank after the closing pursuant to a pre-existing agreement between ABC and

---

[1] As we are considering a motion to dismiss, we have taken all factual allegations in the complaint as true and drawn all reasonable inferences in favor of the Plaintiff. See DelRioMocci v. Connoly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012).

[2] Plaintiff's complaint ambiguously refers to "lenders," "originating lenders," and "defendants," without specifying which defendant took which action. Based on the facts, it appears that "lenders" and "originating lenders" refer to Defendants ABC and Northeastern Financial acting together. As relevant here, it is clear that neither refers to Defendant Deutsche Bank.

Deutsche Bank. Alternatively, Plaintiff alleges that ABC and Northeastern Financial had an agency relationship with Deutsche Bank. (Id. ¶¶ 13–15, 17.)

Due to the terms of the loan, Plaintiff was unable to make payments in accordance with the negative amortization schedule, and after paying approximately $40,000.00 towards the mortgage, the principal balance of the loan had increased above its initial principal balance. (Id. ¶¶ 44–45.) On or about January 29, 2010, Defendant Deutsche Bank filed a foreclosure complaint against Plaintiff, alleging that she was in default under the terms of the note and mortgage, and that over $800,000.00 was needed for Plaintiff to cure default. (Id. ¶¶ 11, 45.) Plaintiff asserts that over the course of the last three years she has sent documents to the Defendants detailing the fraud perpetuated upon her and requesting a new mortgage loan, and has also submitted an application for loan modification, but the lenders have failed to work with her in good faith. (Id. ¶¶ 78–86.)

Plaintiff initiated this action on May 21, 2012, in the Bucks County Court of Common Pleas. Deutsche Bank removed the case to this Court on July 2, 2012. Plaintiff voluntarily dismissed Defendants ABC and Northeastern Financial on July 27, 2012, and on September 7, 2012, Deutsche Bank, the only remaining defendant, filed the motion to dismiss currently at issue. Deutsche Bank's principal argument is that Plaintiff's complaint fails to allege that it did anything more than purchase the loan. Deutsche Bank argues that Plaintiff has not pled sufficient facts regarding its involvement, and the complaint should be dismissed because Deutsche Bank was not involved in the origination of the loan. (Mot., Doc. No. 3, p. 5.) Plaintiff responds that Deutsche Bank is liable for the misconduct by the originating lenders because of an agreement or agency relationship between the Defendants.

## II. Standard of Review

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. To determine the sufficiency of a complaint under Twombly and Iqbal, the Court must take the following three steps: (1) the Court must "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted).

## III. Discussion

Plaintiff's claims against Deutsche Bank are dependent upon her allegations concerning Deutsche Bank's relationship with the originating lenders. Plaintiff does not allege that Deutsche Bank individually acted in a manner that would entitle Plaintiff to relief. Rather, Plaintiff relies upon facts concerning the actions of ABC and Northeastern Financial, and asserts that Deutsche Bank is liable for their actions due to an agreement or agency relationship between Deutsche Bank and the originating lenders. Therefore, to state a claim against Deutsche Bank for the actions of the originating lenders, Plaintiff must plead sufficient facts to plausibly suggest the existence of a conspiracy or agency relationship between the defendants.

In Pennsylvania, to state a cause of action for civil conspiracy a plaintiff must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act

or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987–988 (Pa. Super. Ct. 1997)).

Plaintiff's complaint simply asserts that "Defendants acted in concert with each other to perpetuate fraud and predatory lending," and that ABC "had an agreement with Deutsche Bank to transfer the Note before the date of closing." (Compl. ¶¶ 10, 13.) These allegations are "labels and conclusions" that fail "to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555. To adequately plead the existence of an agreement, a plaintiff is required to allege "enough factual matter (taken as true) to suggest that an agreement was made." Id. at 556. In other words, Plaintiff must do more than allege that "there was an agreement." She must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement." Id. at 556. The allegations in the complaint of an agreement between the Defendants are no more than conclusions, and are therefore not entitled to the assumption of truth. See Burtch, 662 F.3d at 221. Plaintiff has failed to include any facts that would support her conclusion that an agreement existed. See Parkland Servs., Inc. v. Maple Leaf Foods, Inc., 2013 WL 1688871, at *5 (E.D. Pa. Apr. 18, 2013) (dismissing a complaint that offered "no explanation or illustration of the purported conspiracy—i.e., no allegation as to how and when the conspiracy was conceived, why it was carried out, or any overt acts done by Defendants in pursuance thereof.").

Additionally, we note that "[p]roof of malice, i.e., an intent to injure, is essential in proof of a conspiracy" claim under Pennsylvania law. Parkland Servs., Inc., 2013 WL 1688871, at *5 (quoting Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979)). A showing of

5

malice requires that "the sole purpose of the conspiracy is to cause harm to the party who has been injured." Id. (quoting Ferki v. Wells Fargo Bank, Nat'l Ass'n, 2010 WL 5174406, at *7 (E.D. Pa. Dec. 20, 2010)). "It is not sufficient for the plaintiff to demonstrate that the defendants conspired to advance their own business interests—rather, the plaintiff must prove that the defendants consciously intended to cause him injury." Id. (citing Montgomery Cnty. v. MERSCORP, Inc., 2012 WL 5199361, at *13 (E.D. Pa. Oct. 19, 2012) ("Malice requires proof that the conspirators took unlawful actions with the specific intent to injure the plaintiff, instead of simply furthering their own interests through unlawful means.")).

Plaintiff has only alleged that "Deutsche Bank and the other transactional parties to the trust intended to profit from ABC and Northeast[ern] Financial's fraudulent inducement upon the Homeowner." (Compl. ¶ 19.) The fact that Deutsche Bank would profit from the transfer of the note from the originating lenders is not sufficient to raise a reasonable inference that Deutsche Bank consciously intended to cause Plaintiff injury. There are no facts which would indicate that Deutsche Bank engaged in anything other than its regular business practice "of acquiring and holding mortgage loans and mortgages . . . ." (Compl. ¶ 2.) As with the parallel conduct alleged in Twombly, "there is no reason to infer that the companies had agreed among themselves to do what was only natural anyway." 550 U.S. at 566. Accordingly, Plaintiff has failed to nudge her claims of a conspiracy "across the line from conceivable to plausible." Id. at 544.

Alternatively, Plaintiff argues that Deutsche Bank is liable for the actions of the originating lenders due to an agency relationship between the Defendants. To adequately plead claims against Deutsche Bank based on an agency theory, Plaintiff must allege sufficient facts to show that "at least an implied intention to create the relationship of principal and agent existed." Commonwealth v. Maker, 716 A.2d 619, 623 (Pa. Super. Ct. 1998). The burden of proving an

agency relationship rests on the party asserting it, here the Plaintiff. <u>Girard Trust Bank v. Sweeney</u>, 231 A.2d 407, 410 (Pa. 1967).

Plaintiff's allegations of an agency relationship are even more threadbare than her averments regarding the existence of an agreement. Plaintiff's complaint merely asserts that Northeastern Financial and ABC "were agents of Deutsche Bank when they engaged in unlawful acts of fraud and predatory lending." (Compl. ¶ 17.) This allegation is conclusory, and Plaintiff does not allege any facts to support it. Her complaint does not include any allegations regarding the nature of the relationship between Deutsche Bank and the originating lenders, or even plead facts indicating that the relationship consisted of more than Deutsche Bank purchasing Plaintiff's loan. While we are "mindful that discovery is often times necessary to the preparation of an agency theory argument," Plaintiff has not alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence of" an agency relationship. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008).[3]

**IV. Conclusion**

For the reasons set forth above, we find that Plaintiff's complaint fails to allege sufficient facts to plead the existence of an agreement or agency relationship between Deutsche Bank and the other Defendants, and therefore fails to adequately state a claim for relief against Deutsche Bank. Accordingly, Plaintiff's claims against Deutsche Bank will be dismissed without

---

[3] Plaintiff also argues that Deutsche Bank is liable for the acts of the originating lenders pursuant to 13 Pa.C.S.A. §§ 3302–3305, alleging that Deutsche Bank is not a holder in due course of the note. (Resp., p. 17.) This statute provides a defense for an obligor from the enforcement of the obligation based on fraud, and allows obligor to use this defense against a holder in due course of a note. 13 Pa.C.S.A. § 3305. As this statute does not concern what claims can be made, but rather what defenses can be raised against the enforcement of an obligation, we find this statute inapplicable to the present case.

7

prejudice. However, the Court will afford Plaintiff thirty days to file an amended complaint which cures the deficiencies described above.

Our Order follows.